UNITED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK

---------------------------------------------------------------X

CROSBY CAPITAL USA LLC             Index No.: _____

         Plaintiffs,                  **CIVIL CASE NO.:**

   -against-                          COMPLAINT

Pierre Dhaiti

---------------------------------------------------------------X

CROSBY CAPITAL USA LLC, by their Attorney The Law Firm of Adam Kalish P.C., as and for their complaint respectfully alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Crosby Capital USA LLC, is a Delaware Limited Liability Company, that is authorized to do business in Florida with an address of 1688 Meridian Avenue, 6th Floor, Miami Beach, Fl 33139.

2. Defendant Pierre Dhaiti, is upon information and belief an individual with a residence of New York State with an address 140 Liberty Ave, Brooklyn, New York 11212

3. Plaintiff is not a citizen of the same state as the defendants.

4. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332.

6. Venue in this judicial district is proper pursuant to 28. U.S.C. 1391 (b) (1) & (2), because the Defendants are residents in this judicial district and a substantial part of the events giving rise to the claim occurred is situated in this judicial district.

# FACTUAL ALLEGATIONS

7. Upon information and belief, on or about February 4, 2008, Michael Pierre borrowed from CitiMortgage Inc. Five Hundred and Fifty-Two Thousand Dollars. Said note was secured with a mortgage against 140 Liberty Ave, Brooklyn, New York.

8. Upon information and belief, on or about February 4, 2008, the mortgage was recorded with the County Clerk and was available to the public via NYC ACRIS.

9. Pursuant to the Mortgage Rider (Assignment of Rents) paragraph "H," Upon Lender's request after default, Borrower shall assign to Lender all leases of the property and all security deposits made in connection with leases of the property.

10. Said mortgage and Rider constituted a valid contract binding on the property and on Michael Pierre.

11. Upon information and belief, Contact Holdings Corp. knew about the mortgage and the mortgage rider that are recorded against the property.

12. Upon information and belief, Thomas Dhaiti went into contract with Mr. Pierre for a purchase price of $40,000.00.

13. Upon information and belief, the parties went to closing and the property was deeded to Thomas Dhaiti however, the mortgage was never paid.

14. Pursuant to Article 18 of the mortgage documents, Lender declared the mortgage in default.

15. Pursuant to the Mortgage Riders, the rents were thereafter assigned to the mortgage holder.

16. Upon information and belief, on January 18, 2018, the mortgage was assigned to Crosby Capital USA LLC.

17. Upon information and belief, Thomas Thaiti has interfered with the Plaintiff Mortgage Rider in preventing the mortgage holder from the assignment of rents

COUNT 1- TORTIOUS INTERFERENCE WITH A CONTRACT

18. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs as if fully set forth herein.

19. The mortgage and riders that are secured against the property constitute a valid binding contract.

20. The defendants had knowledge of this contract.

21. Even though the defendants knew about the Plaintiff's mortgage and assignment of leases and rents, the defendants have continued to prevent the lender from collection of the rents.

22. As a direct and proximate result of the defendants' tortious interference with Crosby Capital USA LLC mortgage and assignment of leases and rents, Crosby Capital has suffered and continues to suffer damages in an amount to be determined at trial but, in no event to less than One Hundred Eight Thousand ($108,000.00) Dollars

23. Further, Crosby Capital USA LLC is entitled to punitive damages in the amount of Twenty Thousand ($20,000) dollars because, as set forth in the previous paragraphs, Defendants' conduct was willfully, wantonly and maliciously designed to benefit himself at the expense and diminishment of Plaintiff.

## COUNT 2 UNJUST ENRICHMENT

24. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs as if fully set forth herein.

25. The defendants have and continue to receive the monthly rent for the property which belongs to Crosby Capital USA LLC.

26. The defendants have benefitted from the receipt of the money.

27. Under the principles of equity and good conscience, the defendants should not be permitted to retain the money that rightfully belongs to Crosby Capital USA LLC.

28. As a direct and proximate result of the defendant's tortious interference with Crosby Capital USA LLC mortgage and assignment of leases and rents, Crosby Capital has suffered and continues to suffer damages in an amount to be determined at trial but, in no event to less than One Hundred Eight Thousand ($108,000.00) Dollars

29. Further, Crosby Capital USA LLC is entitled to punitive damages in the amount of Twenty Thousand ($20,000) dollars because, as set forth in the previous paragraphs, Defendants' conduct was willfully, wantonly and maliciously designed to benefit himself at the expense and diminishment of Plaintiff.

**WHEREFORE,** Plaintiffs demand the following relief:

   a. Plaintiffs' First Cause of Action, a money judgment in favor of Crosby Capital USA LLC and against defendants jointly and severally in an amount to be determined at trial, but no less than One Hundred Eight thousand ($108,000.00) dollars;

b. On Plaintiffs' First Cause of Action, punitive damages in favor of Plaintiff and against Defendants jointly and severally in an amount to be determined at trial, but no less than Twenty Thousand ($20,000);

c. On Plaintiffs' Second Cause of Action, a money judgment in favor of Crosby Capital USA LLC and against Defendants jointly and severally in an amount to be determined at trial, but no less than One Hundred Eight Thousand ($108,000.00) dollars;

d. On Plaintiffs' Second Cause of Action, punitive damages in favor of Plaintiff and against Defendants jointly and severally in an amount to be determined at trial, but no less than Twenty Thousand ($20,000);

e. An award granting Plaintiffs their cost and expenses, including his attorney's fees to the extent permitted by applicable law;

f. An award granting Plaintiffs pre-judgment interest; and

g. Any other relief as the Court deems just and proper

Dated: Brooklyn, New York
January 3, 2020

*Adam Kalish*

Adam Kalish, Esq.
Law Offices of Adam Kalish
182A 26th St Suite 2R
Brooklyn, NY 11232
Tel: 718 857 3664

# **ATTORNEY VERIFICATION**

Adam Kalish, Esq. an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalty of perjury.

I am the Principal Attorney with the Law Firm of Adam Kalish P.C., attorney for the Plaintiff in the instant action, that I have read the foregoing Summons and Verified Complaint and know the contents thereof and that upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by deponent and not by Plaintiff is that the Plaintiff resides in a County other than the one in which Plaintiff's attorney maintains his office.

The source of deponent's information and grounds of my belief are communications, papers, reports and investigations contained in this file.

Dated: Brooklyn, New York
      January 3, 2020

*Adam Kalish*
Adam Kalish Esq.