UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CROSBY CAPITAL USA LLC,                                    Index No.: 20 cv 00049

                                 Plaintiffs,                   **AFFIRMATION**

        -against-

PIERRE DHAITI

                                 Defendants.
-------------------------------------------------------------------------X

    **ADAM KALISH,** an attorney duly authorized to practice law before the State of New York, affirms the following under penalty of perjury:

1. I am the Principle Attorney of The Law Firm of Adam Kalish P.C., attorneys for Plaintiff Crosby Capital USA LLC, (collectively the "Plaintiff") in the above captioned action.

2. This affirmation is submitted in response to the Honorable Brian Cogan's Order to show cause to dismiss the action for lack of Subject Matter Jurisdiction

## ARGUMENT

**THERE IS DIVERSITY JURISDICTION**

3. 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 930 (2d Cir.1998) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)); *see also* *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141

L.Ed.2d 364 (1998) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State.") (internal quotation marks omitted).

4. While the Complaint may be inartful in its pleadings, there is diversity jurisdiction since the sole member of the Plaintiff LLC is a resident of the State of Florida.

**PLAINTIFF SHOULD BE ALLOWED LEAVE TO AMEND**

5. It has been the practice of the Eastern District to allow the Plaintiff to cure inadequate pleadings with an amended complaint.

6. As was decided in Jacobs v. Patent Enforcement Fund Inc., 230 F.3d 565 Court of Appeals, 2nd Circuit 2000, "…on two recent occasions allowed parties to cure inadequate pleadings of diversity without reference to the prejudice analysis required by *Newman-Green.* See Universal Reinsurance Co. Ltd. v. St. Paul Fire and Marine Ins. Co., 224 F.3d 139, 140-42 (2d Cir.2000); *Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir.1997).

7. The affidavit of the sole member of the LLC demonstrates the requisite diversity existed at the time of the initial pleadings, therefore the Court would not be void of subject matter jurisdiction and an amended complaint would cure any inadequate pleadings.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court not dismiss the action for lack of subject matter jurisdiction and allow the Plaintiff to cure any inadequate pleadings with an amended complaint.

Dated: Brooklyn, New York
       January 12, 2020

                                                      *Adam Kalish*
                                                  ADAM KALISH